FILED

2016 Jun-23  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STARLA TABB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | |
| **CACH, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act[1], 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2. Defendant sued the Plaintiff for a debt Plaintiff did not owe.

3. The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

---

[1] Any reference the FDCPA or TCPA or any part thereof encompasses all relevant parts and subparts of each statute.

4.    This is the pattern of collection activity by Defendant in its collection lawsuits in Alabama.

5.    The Plaintiff won the lawsuit.

6.    Defendant CACH may sue Plaintiff again, even though it lost its collection case.

## JURISDICTION

7.    Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.    All the actions described in this suit occurred in Alabama.

8.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

9.    Venue is proper as Defendant does business in this judicial district.

## PARTIES

10.    Plaintiff Starla Tabb (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

11.     Defendant CACH, LLC ("Defendant" or "CACH[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. CACH, LLC is a Colorado limited liability company. It is a non-governmental entity whose sole member is SquareTwo Financial Corporation. That sole member (SquareTwo Financial Corporation) is a Delaware corporation the stock of which is not publicly traded. The principal place of business for that entity and for CACH is Colorado.

12.     Defendant CACH claims to buy defaulted consumer debt.

13.     Defendant CACH sends collection notices to consumers, makes collection calls to consumers, or has other debt collectors do these actions on behalf of Defendant CACH.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

14.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

15.     Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

---

[2] "CACH" means CACH directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

16.    Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

17.    15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

### Collection Activity Before Collection Lawsuit Was Filed

18.   On October 3, 2014, Defendant CACH through its law firm (believed to be a captive law firm of CACH), sent a collection letter to Plaintiff on a supposed purchased debt from GE Money Retail Bank of $1,445.89.

19.   Plaintiff sent a written dispute and validation letter pursuant to 1692g which was received by the Taylor law firm on or about October 13, 2014.

20.   Defendant CACH did not respond to the dispute letter which is its right under the law.

21.   But Defendant CACH had no right to collect without responding to Plaintiff after Plaintiff disputed the debt.

22.   Especially since Plaintiff disputed the debt within the 30 days Defendant CACH told Plaintiff she could dispute as set forth in the October 3, 2014, collection letter from CACH.

23.   Defendant CACH continued to call Plaintiff despite not responding to her validation and dispute letter and these calls did not contain all required disclosures.

24.   Defendant has repeatedly contacted Plaintiff through the use of robo dialers, auto dialers, pre-recorded messages, or machine-generated voices.

25.   All such calls, whether resulting in a conversation, the leaving of a voice mail, or whether such calls were unanswered, all violate the TCPA.

26. Defendant knew that it had no right to violate the TCPA against Plaintiff but deliberately chose to continue its calls against Plaintiff.

27. Defendant knew that it had no permission to contact Plaintiff on Plaintiff's cell phone in this manner.

28. This is especially true after the dispute letter revoked any consent that could have existed.

**The Small Claims Court Complaint**

29. On July 8, 2015, Defendant CACH sued Plaintiff in the District Court of Baldwin County, Alabama, with a case number of SM-2015-901344.

30. The Taylor Law, PLLC collection law firm, out of Louisville, Kentucky, filed this suit.

31. In this suit, Defendant CACH asserted it was the owner of a certain debt allegedly owed by Plaintiff.

32. Defendant CACH alleged Plaintiff owed CACH $1,445.89.

33. This is the same amount as in the collection letter of October 3, 2014.

34. Defendant CACH also claimed court costs.

35. The original creditor is listed as "GE Money Retail Bank."

36. The suit has a warning to the Plaintiff Tabb who was sued, that if Plaintiff Tabb failed to respond, a judgment may be entered against Plaintiff Tabb.

37. Defendant CACH knew and knows that Plaintiff has never done business with Defendant CACH.

38. This lawsuit, and the other Alabama lawsuits filed by CACH every year, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant CACH cannot and will not prove it has any right to collect on.

39. Defendant CACH knew or should have known the statute of limitations had expired and the suit was improper.

40. Even if, for the sake of argument, the debt was ever owed to "GE Money Retail Bank" or even down the line to "CACH," it was owed more than three (3) years before suit was filed and it was also over six (6) years from the time suit was filed.

41. The contract that created the alleged debt, a document never revealed inside or outside of court to Plaintiff by CACH, may hold that another State's laws control so the statute of limitation on a collection may very well be shorter than the time period allowed by Alabama.

42. In any event, CACH knew what the statute of limitation was and decided to file and to continue to leave pending a lawsuit that was beyond the applicable statute of limitations.

43.   Another intention of Defendant CACH was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

44.   Defendant CACH knew Plaintiff did not owe the debt sued on.

45.   Defendant CACH made misrepresentations and false statements in the lawsuit (and in prior collection letters and/or calls) including that a debt was owed – Plaintiff owed none to Defendant CACH.

46.   Defendant CACH misrepresented the amount owed when Plaintiff owed Defendant CACH nothing on this account.

47.   Defendant CACH misrepresented the legal status of the debt as being owed when Plaintiff owed nothing to CACH.

48.   Defendant CACH misrepresented that Defendant CACH had standing and the right to bring the lawsuit when Defendant CACH did not have standing and did not have the right to bring the lawsuit.

49.   Defendant CACH did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

50.   Defendant CACH did not own debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

51.  This bogus collection suit against Plaintiff was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant CACH in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including Plaintiff.

**Plaintiff Answers The CACH Lawsuit**

52.  Plaintiff did not and does not owe the debt to CACH.

53.  Plaintiff filed an Answer denying the allegations of Defendant CACH.

54.  Plaintiff filed the Answer on July 29, 2015.

55.  Defendant CACH received a copy of this denial.

56.  Defendant CACH understood that Plaintiff was refusing to pay on this debt.

57.  Defendant CACH understood that Plaintiff disputed this debt from the answer and the dispute letter sent in October 2014 to Defendant CACH.

58.  Defendant CACH knew Plaintiff did not owe this debt.

59.  Defendant CACH made a conscious choice to continue to allow the lawsuit to move forward even though Defendant CACH knew that there was no merit to the case, but Defendant CACH sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant CACH.

60.  The case was set for Trial on September 15, 2015.

61.   Due to a misunderstanding on Plaintiff's part, Plaintiff went to the incorrect courthouse and was late.

62.   This resulted in a Judgment in favor of Defendant CACH against Plaintiff on September 15, 2015 at 9:55 a.m.

63.   Less than an hour later, at 10:51 a.m. on September 15, 2015, Judge Stankoski entered the following Order <u>vacating</u> the judgment:

> CLERK TO VACATE ORDER FOR JUDGMENT AGAINST [PLAINTIFF TABB]. [PLAINTIFF TABB] WENT TO WRONG COURTHOUSE AND ARRIVED LATE.  CASE IS CONTINUED AT THE REQUEST OF THE COURT TO 9/22/15 AT THE FAIRHOPE SATELLITE COURTHOUSE IN BALDWIN COUNTY, ALABAMA.

64.   On September 22, 2015, the Court granted Defendant CACH's request to continue the case and it was continued to October 27, 2015.

65.   The Court then reset the case for November 20, 2015.

### CACH Loses The Collection Case

66.   On November 20, 2015, District Court Judge Stankoski entered a judgment for Plaintiff Tabb.

67.   Defendant CACH offered no admissible evidence that Plaintiff owed Defendant CACH or that Defendant CACH owned the debt sued on.

68.   Defendant CACH did not appeal the judgment against it.

69.   This ended the case Defendant CACH filed against Plaintiff.

10

70. Despite losing the case, Defendant CACH created a document entitled "Full Satisfaction of Recorded Judgment" on November 23, 2015 and filed it on or about December 1, 2015.

71. It is unclear what judgment is being "released" or "satisfied" since three days before on November 20, 2015, Defendant CACH lost the case.

72. One possible explanation is that Defendant CACH recorded in Probate Court the judgment entered on September 15, 2015 at 9:55 a.m.

73. If this is true, then Defendant CACH failed to inform the Probate Court and/or failed to update the recorded judgment of the fact that Judge Stankoski vacated the judgment less than one hour later on September 15, 2015, at 10:51 a.m.

74. When Judge Stankoski vacated the September 15, 2015, judgment, there was no longer any judgment.  To be clear, no judgment in favor of Defendant CACH against Plaintiff Tabb existed as of 10:51 a.m. on September 15, 2015.

75. As of 11:36 a.m. on November 20, 2015, the final judgment in this case clearly states that Plaintiff Tabb was successful and Defendant CACH lost in its collection case.

76. The filed Satisfaction of Judgment makes it appear that Plaintiff Tabb has a judgment against her, which Defendant CACH knows is false.

77.   It also makes it appear that Plaintiff Tabb has paid money to Defendant CACH in the underlying collection lawsuit, but CACH knows this is false as well.

## Defendant CACH Falsely Credit Reports on Plaintiff's Credit

78.   Based upon information and belief, credit reporting by Defendant CACH that Plaintiff owed this debt to CACH occurred before, during, and after the collection lawsuit.

79.   Defendant CACH knew, or should have known, that its credit reporting was false, violating 15 USC § 1692e(8) and state law as Defendant CACH knew that Plaintiff did not owe Defendant CACH any money on this debt, and certainly not the amount credit reported.

80.   Defendant CACH knew that Defendant CACH did not own the debt being credit reported but yet it started and continued to credit report on this debt.

81.   Defendant CACH knew this debt was disputed but refused to report this.

82.   The reason for the false credit reporting was to attempt to force the Plaintiff into paying a debt not owed as CACH understands that credit reporting is one of the most powerful ways to force a consumer to pay a debt, even a debt that is not owed.

## **Remaining Factual Allegations Against Defendant CACH**

83.   Defendant CACH has collected (by letter, calls, credit reporting and the collection suit) against Plaintiff when Plaintiff did not owe any money to Defendant CACH on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non existent debt from anyone or a debt that is zero from anyone, including Plaintiff.

84.   Defendant CACH has misrepresented the debt to Plaintiff, including the amount of the debt, as none is owed.

85.   Defendant CACH has misrepresented the debt to Plaintiff, including the legal status of the debt, as none is owed.

86.   Defendant CACH has taken action it knows is illegal including suing on a debt it knew Plaintiff did not owe, suing after the statute of limitations has expired, proceeding to trial when Defendant CACH knew at the time and continues to know that it has no right to proceed to trial on a debt it does not own and that Plaintiff does not owe, falsely credit reporting a debt that Plaintiff does not owe, and sending (or having sent on its behalf) collection letters and/or collection calls.

87.   Defendant CACH knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff

(and all others similarly situated) would be harassed, oppressed, and abused by the collection calls and/or letters, filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant CACH did not own the debt, the filing of a lawsuit after the statute of limitations has expired, by false credit reporting, by misrepresenting numerous facts in the lawsuit and in collection calls and/or letters, and by all other wrongful acts described in this Complaint.

88. The debt being collected is a consumer debt as defined by the FDCPA.

89. Plaintiff is a "consumer" as defined by the FDCPA.

90. Defendant CACH is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of alleged defaulted debt is a major part of the business of Defendant CACH.

91. Defendant CACH knows that the alleged agreement forming the alleged debt does not allow Defendant CACH to collect against persons, such as Plaintiff, who do not owe Defendant CACH any money.

92. Defendant CACH has full knowledge of what it is doing by filing bogus lawsuits and illegal credit reporting – it is a sophisticated debt collector (debt buyer) and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead

represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant CACH has no right to take under state law and under the FDCPA.

93. Defendant CACH knows that it is suing Alabama consumers (including Plaintiff) who do not owe the debts being sued upon.

94. Defendant CACH knows that it is suing Alabama consumers (including Plaintiff) on debts that Defendant CACH does not own which Defendant CACH knows is not allowed in Alabama.

95. Defendant CACH is counting on the fact that many Alabama consumers (including Plaintiff) will not answer and so default judgments will be entered.

96. This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers (including Plaintiff) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

97. Defendant CACH knows that its "scattershot litigation" is improper but it has decided that this is the most effective way (as opposed to only making collection calls, sending collection letters, and credit reporting) to obtain money from Alabama consumers who do not owe the money to Defendant CACH.

98.  The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

99.  It is a practice of the Defendant CACH to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

100.  All actions taken by employees, agents, servants, or representatives of any type for the Defendant CACH were taken in the line and scope of such individuals' employment, agency or representation.

101.  At no time has Defendant CACH told or implied to Plaintiff that any conduct by any agent or employee of Defendant CACH was outside the line and scope of such employment or agency.

102.  This includes collection counsel and any outside collection agency for Defendant CACH who in all ways conducted themselves in the line and scope of their agency and representation of Defendant CACH.

103.  All actions taken by the Defendant CACH were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law

and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

104. Defendant CACH has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant CACH is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

105. Defendant CACH is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

106. At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has Defendant CACH directly or indirectly, expressly or implicitly, apologized to the Plaintiff for the conduct described in this Complaint which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

107.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

108.   Defendant CACH violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

109.   The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

110.   Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

111.  Defendant CACH violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

112.  The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

113.  Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

114.  Defendant CACH violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

115.  The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

116. Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

117. Defendant CACH violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

118. The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

119. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

120. Defendant CACH violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

121. The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

122. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

123. Defendant CACH violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

124. The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

125. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the debt or permitted by law."

126. Defendant CACH violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

127. The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

128. Section 1692g states "the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in

22

subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

129.   Defendant CACH violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-106.

130.   The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IX.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) (47 U.S.C. § 227)

131.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

132.   Defendant CACH has made illegal calls to Plaintiff's cell phone in violation of the TCPA.

133. Defendant CACH has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers by Defendant CACH.

134. Defendant CACH has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers by Defendant CACH.

135. Defendant CACH has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded (or machine generated) messages by Defendant CACH.

136. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant CACH in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

137. The calls before, and certainly after the October 2014 letter revoking consent were made intentionally with knowledge of the violation of the TCPA.

138. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or

that its actions were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.

139. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

140. As a result of this conduct, action, and inaction of Defendant, Plaintiff is entitled to damages as set forth in this Complaint, including statutory damages between $500 and $1,500 per call.

## COUNT X

## INVASION OF PRIVACY

141. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant CACH violated Alabama state law as described in this Complaint in paragraphs 1-6, 10-13, and 18-106 and in the paragraphs of this Count.

142. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

25

143.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

144.   Defendant CACH intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

145.   Defendant CACH intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

146.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

147.  The conduct of Defendant CACH, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant CACH which occurred in a way that would be highly offensive to a reasonable person in that position.

148.  This conduct includes the filing of a public lawsuit against Plaintiff.

149.  A public lawsuit that has no merit and Defendant CACH knew at the time it filed the lawsuit that it had no merit.

150.  Defendant CACH has continued to publicly state through credit reporting that Plaintiff owes the debt to Defendant CACH when Defendant CACH knows this is untrue.

151.  All of the wrongful acts described in this Complaint (paragraphs 1-6, 10-13, and 18-106 and in the paragraphs of this Count) demonstrate the wrongful scheme, plan, and design of Defendant CACH in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

152.  The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

153. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant CACH.

154. All acts of Defendant CACH were committed with malice, intent, wantonness, and/or recklessness and as such Defendant CACH is subject to punitive damages.

## COUNT XI.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

155. Defendant CACH's collectors are allowed and encouraged to break state law in order to collect debts.

156. This includes all of the violations of the law described in this Complaint in paragraphs 1-6, 10-13, and 18-106 and in the paragraphs of this Count.

157. Defendant CACH is aware of the wrongful conduct of its collectors.

158. Defendant CACH negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant CACH is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

159. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer

this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant CACH sat back to reap the rewards of the wrongful conduct it had sowed.   The details of this will come out in discovery.

160.   The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

161.   Defendant CACH's collectors are allowed and encouraged to break state law in order to collect debts.

162.   This includes all of the violations of the law described in this Complaint in paragraphs 1-6, 10-13, and 18-106 and in the paragraphs of this Count.

163.   Defendant CACH is aware of the wrongful conduct of its collectors.

164.   Defendant CACH wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the

law as was done to Plaintiff, and Defendant CACH is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

165. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendant CACH sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

166. The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

167. Defendant CACH's collectors are allowed and encouraged to break state law in order to collect debts.

168. This includes all of the violations of the law described in this Complaint in paragraphs 1-6, 10-13, and 18-106 and in the paragraphs of this Count.

169. Defendant CACH is aware of the wrongful conduct of its collectors.

170. Defendant CACH intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant CACH is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

171. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant CACH sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

172. The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and

credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIV.

### WANTON CONDUCT

173. Defendant CACH had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

174. Defendant CACH had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

175. Defendant CACH acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1-6, 10-13, and 18-106 and in the paragraphs of this Count.

176. Defendant CACH violated all of the duties Defendant CACH had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

177. It was foreseeable, and Defendant CACH did in fact foresee it, the each and every action of Defendant CACH (filing a bogus lawsuit, filing after the statute of limitations had expired, and false credit reporting) would lead and did lead to the exact type of harm suffered by Plaintiff.

178. The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XV.

## MALICIOUS PROSECUTION AGAINST DEFENDANT CACH

179. Defendant CACH instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so as Plaintiff did not owe Defendant CACH the debt sued upon.

180. Defendant CACH continued to prosecute the case with no reasonable basis to do so as Plaintiff did not owe Defendant CACH the debt sued upon.

181. Defendant CACH filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.  While this failed, the attempt by Defendant CACH shows the malice against Plaintiff.

182. Defendant CACH instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant CACH money on a non-existent debt.

183. The malicious plan of Defendant CACH included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant CACH tried to accomplish this by the Defendant CACH's malicious and abusive actions.

184. Throughout the entire illegal lawsuit against Plaintiff, Defendant CACH knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant CACH knew it was not entitled to receive.

185. The litigation against Plaintiff filed by Defendant CACH eventually resulted in adjudication in favor of Plaintiff on November 20, 2015.

186. The illegal and improper actions of the Defendant CACH constitute malicious prosecution and this cause of action is supported by paragraphs 1-6, 10-13, and 18-106 and in the paragraphs of this Count.

187. This is the pattern and practice of Defendant CACH – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant CACH.

188.   The conduct of the Defendant CACH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**

35

**Serve defendant via certified mail at the following address:**

CACH, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104